Dear Judge Crain:
This office is in receipt of your letter dated August 16, 1996, requesting an Attorney General Opinion interpreting the provisions of La. R.S. 27:1 et seq., The Louisiana Gaming Control Law, hereinafter "Act".
Your question is whether the Louisiana Gaming Control Board is authorized to hire a part-time contract attorney to serve as a hearing officer in light of the provisions of La. R.S. 27:25 A.
The public policy of the state with regards to gaming is stated at La. R.S. 27: 2 A. which provides:
 A. The legislature hereby finds and declares it to be the public policy of the state that the development of a controlled gaming industry to promote economic development of the state requires thorough and careful exercise of legislative power to protect the general welfare of the state's people by keeping the state free from criminal and corrupt elements. The legislature further finds and declares it to be the public policy of the state that to this all persons, locations, practices, associations, and activities related to the operation of licensed and qualified gaming establishments and the manufacture, supply, or distribution of gaming devices and equipment shall be strictly regulated.
In fulfilling the primary purposes of the Act, to strictly regulate the gaming industry, the Board is empowered at La. R.S.27:15 B to:
 [e]stablish, and from time to time amend, a plan of organization to conduct the business of regulating and controlling the gaming operations and activities under its jurisdiction efficiently, efficaciously, and thoroughly.
 (b) The plan of organization shall provide for the capacity to:
 (i) Administer the granting of contacts, licenses, and permits.
 (ii) Analyze and review investigation and audit reports and findings.
 (iii) Provide for enforcement of board regulations as is necessary to the efficient, efficacious, and thorough regulation and control of the gaming operations and activities under its jurisdiction.
The Act goes on further to state emphatically that the Board's plan of organization shall provide for the capacity to administer the granting of contracts, licenses and permits. La. R.S. 27:15
B(3)(b)(i). Such a grant of authority necessarily entails decisions by the Board in regard to the hearing process. The Act specifically states at La. R.S. 27:15 B(5) that the Board shall organize and conduct hearings as provided for in La. R.S. 27:25.
All of the aforementioned lead us to the conclusion that the Board has the authority and even the responsibility to determine within its plan of organization the best manner in which to regulate and license gaming in Louisiana. Within this ambit of authority and responsibility, the Board may choose to hear certain matters sitting as a whole or in panels of three, or delegate this responsibility to a hearing officer, full time or contracted. The essential issue is that the matters be promptly heard in accordance with the law and regulations.
The Hearing Officer Division was created by the Legislature in Section 25 of the Act. It is, as previously stated, adivision of the Board. However, in no case will this hearing officer act except in relation to the Board. Hearing officers have no powers except within the context of the Act as enacted by the Legislature and regulations adopted by the Board pursuant to its authority as delegated by the Legislature. The Act provides that the hearing officer makes recommendations to the Board.
In conclusion, it seems appropriate that the primary agency for gaming regulation in Louisiana, the Louisiana Gaming ControlBoard, should have the authority to hire contract hearing officers as it seems fit for the strict regulation of gaming in Louisiana. These contract hearing officers should have their role defined in the plan of organization of the Board. In addition, these contract hearing officers should function in accordance with the Act, the Administrative Procedures Act, and the rules properly adopted and promulgated by the Board.
Hopefully, this opinion addresses your concerns. If additional assistance is required, please feel free to call.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ JENIFER SCHAYE ASSISTANT ATTORNEY GENERAL
JS/bf